Boyd and Wickham *against* Murray.

Where the bill charges an executor or trustee with abusing his trust, &c. an injunction will not be awarded in the first instance, but a *receiver* may be appointed.

*October* 7.

THE bill charged that *Jacob Watson*, by will, appointed *John Murray* one of his executors, and who alone acted. That he left a large real and personal estate, and gave the executors powers and directions relative to the distribution of the estate. That the executor confounded the estate with his own, and made no dividends or distribution. That he died, leaving the defendant his executor, who is acting in the same manner, and is in failing circumstances, and makes no dividend, &c., and abuses his trust, &c. The plaintiffs are assignees of some of the legatees. Prayer for an injunction, prohibiting the defendant from intermeddling with the estate of *Jacob Watson*, or the rents, &c. by collecting, receiving, selling, letting, &c.

*Caines*, for the plaintiffs. He cited 12 *Vesey*, 4. 13 *Vesey*, 266. 2 *Atk*. 213. 3 *Bro*. 621. 2 *Bro*. 158.

THE CHANCELLOR. The appointment of a receiver is quite a distinct question from that of an injunction. The cases cited principally relate to a receiver under such circumstances. A receiver can act. He is a substituted trustee. But after injunction no person can act, and what

are to become of the rights of other legatees, and of debt- ors and creditors? They cannot demand, or receive, or pay, for there is no representative of the estate. The power of the executor is wholly suspended. Such an ex- traordinary measure as an injunction, in the first instance, going to the whole power of the executor, seems not to be conformable to precedents, and might be very injurious.

Motion denied.